## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMIE C., *Individually and on behalf of minor C.C.*,<br><br>      Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICES CORPORATION d/b/a BlueCross BlueShield of Texas,<br><br>      Defendant. | Case No. 24-2229-JAR-GEB |

## MEMORANDUM AND ORDER

The adult plaintiff in this action filed the Complaint under the pseudonym "Jamie C." asserting claims individually and on behalf of her minor son, identified as "C.C.," against Health Care Services Corporation. On June 5, 2024, the Court ordered Jamie C. to show cause by June 17, 2024 why her full name should not be fully disclosed in filings with the Court. In response, Plaintiff timely filed her Motion for Leave to Proceed Anonymously (ECF No. 7) ("Motion"). A Waiver of Service Returned Executed has been filed. Defendant's deadline to file a responsive pleading is August 2, 2024. Counsel has not yet entered an appearance on behalf of Defendant. However, Plaintiff conferred with Defendant and represents Defendant does not intend to oppose the Motion. For the reasons set forth below, Plaintiff's Motion (**ECF No. 7**) is **GRANTED**.

## I.       Background[1]

Plaintiff brings this action which arises under the Employee Retirement Income Security Act of 1974 individually and on behalf of her son. "C.C. required specialized treatment due to issues such as suicidal ideation, along with other comorbid factors which included severe anxiety, depression, and ADHD." He received medical care and treatment from "Utah based treatment facilities, which provide inpatient treatment to adolescents with mental health, behavioral, and/or substance abuse problems." On September 15, 2021, C.C. attempted suicide. Plaintiff alleges Defendant denied claims for payment of C.C's medical expenses in connection to the treatment from these providers. At the time of his treatment, and as of the date of Plaintiff's Motion, C.C. is a minor.

## II.      Plaintiff's Motion for Leave to Proceed Anonymously

Plaintiff Jamie C. moves for leave to proceed anonymously in this action. She alleges the case concerns the sensitive and private mental health history of her minor son, C.C., and both she and C.C. have experienced trauma which stems from the facts underlying the case. She alleges the disclosure of her full name would have the impact of revealing C.C.'s identity which would cause C.C. even more trauma.

### A.      Legal Standard

Fed. R. Civ. P. 5.2(a)(3) permits the identification of minor parties by their initials,

---

[1] The information in this section is taken from the Complaint (ECF No. 1) and from Plaintiff's Motion (ECF No. 7). This background information should not be construed as judicial findings or factual determinations unless specifically stated.

but does not provide the same for an adult party. An adult party must request to proceed by the use of a pseudonym. "Because the federal rules of civil procedure do not 'contemplate the anonymity of parties,'[4] proceeding by use of a pseudonym in federal court is 'an unusual procedure.'"[2] Even so, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.[3] The Tenth Circuit has identified three exceptional circumstances in which a Plaintiff may party may proceed anonymously: 1) matters of a highly sensitive and personal nature, 2) real danger of physical harm, or 3) where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.[4]

Whether a party may proceed anonymously is within the sound discretion of the Court.[5] In exercising that discretion, "it is proper to weigh the public interest in determining whether some form of anonymity is warranted."[6] The public has an "important interest in access to legal proceedings."[7] The public's interest must be weighed against the party's "rights to privacy."[8] "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."[9]

---

[2] *M. T. v. Olathe Pub. Sch. USD 233*, No. 17-2710-JAR, 2018 WL 806210, at *2 (D. Kan. Feb. 9, 2018) (internal citations omitted).
[3] Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000).
[4] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).
[5] *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998).
[6] *Femedeer*, 227 F.3d at 1246 (citing *Zavaras*, 139 F.3d at 802-03 (10th Cir. 1998)).
[7] *Id.* at 1246.
[8] *Zavaras*, 139 F.3d at 802 (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).
[9] *Raiser v. Brigham Young University,* 127 Fed.Appx. 409, 411 (10th Cir. 2005) (citing *Zavaras,* 139 F.3d at 803 (10th Cir. 1998)).

## B.     Discussion

At the outset, the Court notes Defendant has not yet answered the Complaint. Plaintiff in her Motion represents Defendant does not oppose the Motion. Even without this representation, the Court finds no response is necessary and is prepared to decide the Motion.

Plaintiff alleges the highly sensitive and personal nature of the underlying facts of the case where a minor could be subject to additional trauma, should the identity of his mother be revealed which would necessarily identify him, outweighs the general public interest in open litigation. The Court agrees.

First, the Court finds if the identity of Jamie C. is publicly revealed, the identity of C.C. is easily determined. Due to the "inseparable relationship" between C.C. and his mother, Jamie C., "[o]dering disclosure of the parent's identit[y] would place—in effect— personally identifiable and confidential information about the alleged [attempted suicide by overdose and hospitalization] of a minor in the public record.[10]

Second, this case presents a highly sensitive personal issue. The underlying facts relate to C.C.'s treatment for issues including suicidal ideation, severe anxiety, depression, ADHD, drug use, and executive function deficits. They include assertions of an attempted suicide by intentional overdose and acute hospitalization. As indicated above, C.C. was a minor at the time of the allegations in this action and continues to be a minor through the

---

[10] *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018).

date of Plaintiff's Motion. "Courts grant heightened protection to child victims and have concluded that complaints involving minors are matters of a highly sensitive and personal nature."[11]

Third, there is the potential of additional emotional trauma to C.C. if his identity becomes publicly known. As indicated above the allegations include C.C. suffered from severe anxiety, depression, drug use, and suicidal ideation. There is a risk that public disclosure of C.C.'s identity might cause additional emotional trauma. "Although embarrassment is not enough to overcome the public interest in litigation, the real potential of additional psychological harm…is enough to outweigh the public interest in disclosure."[12]

Fourth, the Court also finds Defendant will not be prejudiced in the defense of this case if Plaintiff proceeds by pseudonym. In the Complaint, Plaintiff alleges Defendant was the insurer and claims administrator for the insurance plan which provided coverage for Jamie C. and C.C. It allegedly denied the claims at issue. Thus, it is highly likely the identity of Jamie C. and C.C. is known to Defendant.[13] Finding the identification of Jamie C. readily identifies her minor son, C.C.; this case involves allegations by a minor of a highly sensitive and personal nature; the identification of C.C. likely results in additional harm, and proceeding anonymously does not prejudice Defendant, in the Court's discretion

---

[11] *Id.*

[12] *Olathe Pub. Sch. USD 233*, 2018 WL 806210, at *3.

[13] *See Doe v. Smith Ctr. Sch. Dist.*, No. 16-2801-JWL, 2017 WL 3839416, at *11  (D. Kan. Sept. 1, 2017) (finding "defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity.").

it will allow Plaintiff to proceed by pseudonym.

For the reasons set forth above, **IT IS THEREFORE ORDERED** Plaintiff's Motion for Leave to Proceed Anonymously (**ECF No. 7**) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 23rd day of July 2024.


<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
United States Magistrate Judge